## HOBSON v. CROFT.

Under the plea of payment, it is competent for defendant to show what was the consideration of the note in suit, and that this had been paid since the note was given.

Where it is objected that evidence is inadmissible under the rules of court for want of notice of special matter, the fact that such notice was not given, should appear on the bill of exceptions.

In error from the District Court of Philadelphia.

*Dec.* 12. Assumpsit on a note for $2,000, dated April 1st, 1841, payable on demand, to the order of H. Hobson, agent. Plea, payment. The defendant gave in evidence, under a general objection, entries made by plaintiff, who was then in his employ as clerk, in his borrowed and loan-book, showing sums borrowed and

returned, resulting in a balance of $2,000, on the 30th January, 1841. Also, entries in the cash-book made by plaintiff, showing the balance of the loan was credited by a debit to the account of H. Hobson, agent, on the 30th January, and that interest was calculated thereon down to the date of the note in suit. Also, entries made by plaintiff, and other evidence, showing a payment of this amount.

The defendant also gave in evidence declarations made by plaintiff, tending to show that the note in suit had been paid; and the plaintiff having given evidence that he acted as agent for his sister, offered to show, by his own receipt to her, that he held funds of hers for investment, at the date of this note, the suit being brought to her use.

Whether the note was for the same loan mentioned in the books, and had been paid, was left to the jury.

*Rawle*, jun., and *Rawle*, argued, that under the rules of the District Court, the evidence was inadmissible, because it went to show payment of a different loan from that admitted in the note, and that it was not competent, under the plea of payment, to go into the question whether there had been but one loan, for that was in effect showing fraud.

*Bouvier* and *T. Sergeant*, contrà.—It does not appear that notice of the special matter was not given. The evidence was simply to show payment of the loan for which the note had been given.

*Jan.* 6. BELL, J.—The defendant's plea is payment. It is very certain that under this plea, without notice of special matter, a defendant cannot give evidence of facts which may constitute a special equitable defence. He is confined to proof of matters tending to show actual payment, but he may show such payment in other things than money, accepted in discharge of the original indebtedness: as, for example, by the legal or equitable transfer of *choses in action*, though the sums represented by them may have been lost through the negligence of the transferree: Hamilton *v.* Moore, 4 W. & S. 570. Here the defence was, that the defendant was indebted to the plaintiff in but one sum of $2,000, composed of the loans of September and October, 1840, adjusted on the 30th of January, 1841, and for which he gave the note of April 1st, 1841. This, he asserts, was discharged by other notes, drawn or endorsed by him, as is shown by the entries in his books in the

handwriting of the plaintiff; the latter notes having been subsequently paid. If this be so, there was direct payment of the demand sought to be recovered in this action. To establish the facts averred, the several entries in the handwriting of Hartley Hobson, with the promissory notes referred to in the first, second, third, fourth, fifth, and sixth specifications of error, were given in evidence. Now it cannot be denied that these, in connexion with the other proofs in the cause, tended to affirm the defendant's allegation, and, indeed, satisfied the jury it was founded in fact. It is no objection that the testimony consisted of several distinct and independent items, neither of which, standing alone, established the asserted extent of indebtedness, and its satisfaction. It very often happens that the chain of evidence showing the discharge of a debt is composed of many successive links, but this presents no obstacle to its admission under the plea of payment, if, as a whole, it contributes to establish the truth of the plea. The question in such cases is, has the debt in suit been discharged? and the affirmative of the proposition may be shown as well by a series of connected transactions as by a single one. It does not follow that a defence constituted of many facts is composed of special matter within the meaning of the rule requiring notice, if these, united, point to the issue tendered by the plea, and directly help to support it. Such was the case in this instance. It was therefore properly received, though it be conceded no special notice was given.

But again: how are we to tell whether such notice was given or not? The record does not inform us of the ground of the objection taken below to the evidence. If it was because of want of notice, the call for it would appear of record. If this was not the reason, of course no proof of notice need be introduced, and, consequently, the record is silent on the subject. The proper course is to call for the notice at the trial, and if it be not produced or service of it shown, to object to the offered proof for that reason. If this be not done it is too late to assume such ground of objection in this court, for here the opposing party has no opportunity to show how the fact was: Hawk *v.* Geddis, 16 S. & R. 28.

On the trial, the parties seem to have deemed it of importance to show to whom the money loaned to the defendant actually belonged, and, consequently, who was the real owner of the note in suit. Whether the letter of March 2d, 1842, referred to in the seventh specification, was given in evidence for this purpose, does not appear on the record. If so, perhaps it was impertinent. But we cannot say it was relevant for no purpose. It refers to a

settlement made in May, 1841, of which some evidence had before been given from the defendant's books, and speaks of one of the notes averred by the latter to have been given and received in payment. It, therefore, has some connexion with the transactions on which the defence rested, and tended, at least in some slight degree, to verify them. This was enough to justify its reception.

The judge below properly told the jury it was wholly immaterial whether the note in suit was the property of Eliza Hobson or Hartley Hobson, from which it follows the evidence mentioned in the ninth and tenth specifications was rightly rejected. It was entirely irrelevant to the only issue trying. Besides, the receipt of January 1st was of the plaintiff's own making, and it was offered without explanatory proof. .

The records spoken of in the ninth assignment were not introduced to show payment. They were rightly received in connexion with, and as explanatory and corroborative of the conversations detailed by the witness Floyd, in which they were referred to.

Judgment affirmed.