## Case No. 13,793.

### TAYLOR v. GERMANIA INS. CO.

[2 Dill. 282.] [1]

Circuit Court, D. Nebraska. 1871.

INSURANCE — LOCAL AGENT — POWER TO MAKE VERBAL CONTRACT TO RENEW INSURANCE.

1. The local agent of a foreign fire insurance company, with power to effect insurance, to sign and deliver policies, and to collect premiums, is, in favor of third persons acting in good faith, presumptively authorized to make a verbal contract to renew a risk, and to give day for the payment of the premium in whole or in part.

2. If, by such a verbal contract to renew the insurance, the premium was to be paid on the first day of the succeeding month, which was Sunday, an offer to pay the next day (Monday) would be sufficient, although the house insured had burned down on Sunday.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Action on an alleged verbal contract of insurance. No questions were made upon the form or sufficiency of the pleadings.

Mr. Delaney, for plaintiff.

Mr. Poppleton and Mr. Swartzlander, for defendant.

DILLON, Circuit Judge. 1. An insurance agent, with power to make and effect insurance, and to issue and deliver policies, to receive and collect premiums, has the power, if no restriction on it be shown, to bind his company by a verbal contract with the assured at the expiration of the policy, to renew the insurance, and to waive the payment of the premium for the time being, or to give assured time for its payment.

2. In this case the plaintiff sets up such a verbal contract, made, as he alleges, on the 15th day of July, 1869, to extend his insurance for one year from that date, and that the agent of the defendant agreed to wait on him for the premium (except a portion of it paid at the time) until the 1st day of August, 1869. On the 1st day of August, which was Sunday, the property was consumed by fire; and the plaintiff claims that he tendered or offered to pay the premium the next day (Monday), and that the agent refused to receive it. The defendant denies that any such contract was made, and this presents a question of fact for the jury to decide upon the whole evidence and all the circumstances of the case.

3. If such a contract was not made, and the burden of proof to satisfy you of its existence is on the plaintiff, then you should find a verdict for the defendant.

4. If any contract of renewal, and to give time of payment, was made, you should very closely inquire, from the evidence, just what that contract was; and, having ascertained what it was, then whether the plaintiff performed it on his part according to the true meaning, spirit and intent of the contract. You cannot hold the company liable, upon any custom or usage, to renew policies and give time for the payment of premiums, and such evidence, so far as it has been admitted, was admitted only as bearing (so far as you think it has any weight) upon the question whether any such contract as the plaintiff alleges and relies upon was in fact made.

5. If the only contract of renewal was that the defendant was to call in a day or two, or a few days, and pay the premium, and if this time had expired before the fire, then the company would not be liable, even if after the fire the amount was tendered or offered them.

6. If the contract, if any was made, was that the risk should be renewed, and that the premium was to be paid on the first day of the next month (August), and if the 1st day of August was Sunday, and if the house took fire and was burned on Sunday, an offer to pay the premium on the next day (Monday) would be sufficient. 2 Pars. Cont. (5th Ed.) 665; Hammond v. American Mut. Life Ins. Co., 10 Gray, 306. But there must be an offer to pay at the time, but this may be by the assured or his agent, and if such offer was made, and if the agent of the company denied any liability, or waived payment, and said he would call for the premium, and did not, this would be a sufficient compliance with the duty of the plaintiff to pay the premium.

Power of local agent to make verbal contract to renew. Baubie v. Aetna Ins. Co. [Case No. 1,111], and cases cited in note.