## Denlinger *v.* Conestoga Electric Light & Power Company, Appellant.

*Appeals—Bond—Approval of bond—Quashing appeal.*

Where on an appeal by a business corporation from a money judgment, the record shows that objection was made to the appeal bond, and that no other bail was offered, and that the bond was not approved by the prothonotary, the appeal will be quashed.

Argued Nov. 16, 1906.   Appeal, No. 196, Oct. T., 1906, by defendant, from judgment of C. P. Lancaster Co., Nov. T., 1904, No. 67, on verdict for plaintiff in case of J. W. Denlinger v. Conestoga Electric Light & Power Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Appeal quashed.

Motion to quash appeal on the ground that the appeal bond had not been approved by the prothonotary of the court below.

*B. F. Davis*, for appellant.

*C. Eugene Montgomery*, with him *W. J. Eberly*, for appellee.

OPINION BY BEAVER, J., February 25, 1907:

The Act of May 19, 1897, "regulating the practice, bail, costs and fees on appeals to the Supreme Court and Superior Court," P. L. 67, sec. 15, provides: "That, in all other cases where a corporation other than a county, township or municipal corporation, appeals on its own behalf, such appeal shall be quashed, unless bail is given to operate as a supersedeas, as by this act required."

The bail required to operate as a supersedeas, under the act, is provided for as follows: Section 6. "An appeal from an order, judgment or decree directing the payment of money shall operate as a supersedeas, if the appellant gives bond with sufficient surety or sureties in double the amount of said order, judgment or decree and all costs accrued and likely to accrue, conditioned that the appeal be prosecuted with effect and that the appellant shall pay all costs and damages awarded by the

appellate court or legally chargeable against him," in which bond, under the provisions of section 5, the prothonotary or clerk of the court from which the appeal is taken shall fix the amount of bail and approve or reject the security offered.

In this case the record, as printed by the appellant, shows: " September 7, 1906, defendants take an appeal to the Superior Court and give bond in the sum of $585.00." It does not affirmatively appear that the bond was approved by the prothonotary, as required by the provisions of the act above referred to. The copy of the bond, with its indorsement, is set out in the book of the appellee, by which it appears: " Appeal bond filed September 7, 1906. Same day, Mr. Denlinger objects to the sufficiency of the within bond and surety and to the approval of the same, and the bond was not approved." It does not appear that other bail was given or that the bond ever was approved by the prothonotary. It becomes our duty, therefore, under the mandatory provisions of the act, to quash this appeal.

It may not be improper to say, however, that, if we did not feel it to be our duty, under the circumstances, to quash the appeal, we would affirm the judgment, inasmuch as the questions involved were purely those of fact, which were fairly submitted to the jury. If the jury believed the testimony, the plaintiff having been employed by the vice president, having rendered service to the defendant, and the contract having been ratified by the president of the corporation, and a distinct promise to pay made, and that no payment had been made on account of such service, we think the recovery was fully justified. The questions of fact involved in the case were undoubtedly for the jury, and, notwithstanding the multiplicity of the appellant's assignments of error, they seem to us to be very simple and to have been properly submitted.

Appeal quashed.