# Benner, Appellant, v. Fire Association of Philadelphia.

*Insurance—Parol contract to renew—Evidence.*

1. An insurance company may by a preliminary parol contract bind itself to issue or renew a policy in the future, but all parol contracts of insurance must be clearly established in every particular, the subject-matter of insurance, the amount and elements of the risk, including its duration in point of time and extent in point of hazard assumed, the rate of premium, and generally all the circumstances peculiar to and distinguishing the contract, so that nothing remains to be done but to fill up and deliver the policy, on the one hand, and pay the premium on the other.

2. Where the evidence to establish the contract is vague, amounting to no more than a conversation on the street between plaintiff and defendant company's agent as to renewing another insurance, with no money passing, no memorandum being made and no definite promise on either side, the evidence is lacking in details essential to show a contract to insure in the future.

*Insurance companies—Written and oral agreements to insure—Charter —Act of May 5, 1871, P. L. 572.*

3. Where no elements of estoppel are present, an insurance company incorporated under the act of May 5, 1871, which provides that all agreements of insurance shall be in writing, is incapacitated from making a binding parol contract to renew insurance in the future.

*Insurance—Act of May 11, 1881, P. L. 20—Defenses—Oral and written contracts.*

4. The act of May 11, 1881, is limited in every particular to written policies and has nothing to do with oral contracts of insurance.

*Insurance—Renewal—Power of agent.*

5. Where an insurance agent has no authority from his company to enter into an actual contract of insurance so as to bind the company, he has no authority to bind the company by an agreement to renew in the future an existing contract.

*Appeals—Assignments of error—Admission of evidence—Special matter—Practice, C. P.*

6. A party complaining on appeal of the admission of evidence objected to in the court below will be limited to the specific objections made to it there.

7. Where a party relies upon the want of special notice of special matters of defense offered at the trial, he must place his objection at the trial on that ground; and if he fails to do so he cannot make such objection for the first time in the appellate court.

Argued May 10, 1910. Appeal, No. 376, Jan. T., 1909, by plaintiff, from judgment of C. P. Union Co., Jan. T., 1907, No. 49, on verdict for defendant in case of S. E. Benner v. Fire Association of Philadelphia. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a parol agreement to insure. Before McCLURE, P. J.

The facts appear in the opinion of the Supreme Court.

At the trial the court rejected under objection and exception offers to show that insurance agents were accustomed to agree to renewals in advance of the expiration of current policies [4, 5].

The court charged the jury as follows:

[So the law says a parol executory contract, or a contract to insure in the future, is not binding upon the company. That is, it is not a contract of insurance.] [2]

[Viewing the case as we do, that there was no contract of insurance made at the time, we think the plaintiff is not entitled to recover, and you will render a verdict for the defendant.] [3]

Plaintiff presented the following points:

1. Under the certificate issued by defendant company, to A. S. Hoch, he was empowered to write insurance,

issue policies, etc., and had authority to renew policies by parol or oral agreements. *Answer:* Refused. [7]

2. If the jury believe that the defendant company, through its agent, A. S. Hoch, agreed to renew the policy of insurance upon plaintiff's barn and contents in the sum of $1,500, in consideration of plaintiff's agreement to pay the premiums therefor, whenever said agent demanded it, such an agreement would and did constitute a valid contract binding upon both parties. *Answer:* Refused. [8]

3. If the jury find such an agreement to have been made, then the policy was, by such agreement, in effect renewed for a like term, sum, property, risk and premium as the old policy, and the property so insured having been destroyed by fire on November 6, 1905, and within the time covered by said renewal, plaintiff is entitled to recover the value of the property destroyed up to the face of the policy—less the amount of the premium, $30.00—with interest from the date when the company denied liability, to wit, November 11, 1905. *Answer:* Refused. [9]

4. That A. S. Hoch, the agent of the defendant company, had full power to receive proposals for insurance against loss or damage by fire, and to issue and countersign policies and renewal receipts furnished him by the said defendant, to assent to assignments and transfers, to collect and pay the premiums to the defendant, and transact such other business as might be intrusted to his care, by the defendant, and was the general agent of the company for the purposes aforesaid, in New Berlin and vicinity, and his acts, statements and agreements relating to the renewal of this insurance, the notice of loss, or the denial of liability, were the acts, statements and agreement of the defendant. *Answer:* In answer to the last point we say: Hoch's statements and agreements relating to a renewal of insurance were the acts of the company, but under its charter provisions not binding upon it. [10]

Defendant presented these points:

1. That plaintiff having testified that prior to the expiration of the policy on the dwelling, which expired on August 19, 1905, he entered into an agreement with Albright S. Hoch, the defendant's agent, to renew a policy of insurance on November 2, 1905, and there being no evidence that any premium was paid or that any policy was delivered, if the property to be insured should have been destroyed by flood, hurricane or fire before November 2, 1905, when the time arrived at which the contract was to become operative the subject of the insurance not being in existence, there would be nothing to which the policy could attach. During the interim between August and November 2, 1905, the tenure of Mr. Hoch's agency was uncertain, his authority to make contracts might have been terminated at the will of the defendant. He might have died or his power might have been withdrawn by defendant, and, when the time arrived for him to perform his agreement, he might have been wholly without authority to act. The plaintiff might voluntarily have disposed of the property to be insured by sale or it might have been sold under legal process and the relations of the parties so changed that the plaintiff might not have had an insurable interest in the property on the date when the contract was to become operative. In any one of the above events there would be no obligation to pay a premium, and where there is no obligation to pay a premium, there is no liability to pay a loss. Even if such an agreement existed it was to take effect in the future, and therefore the defendant would in no manner be liable thereunder and your verdict must be for the defendant. *Answer:* The defendant's first point is affirmed. [11]

2. That an agent duly authorized to bind his company by contract for insurance may make contracts by parol, which will be binding upon the company before the issuing of the policy, unless there be specific charter requirements that such or all insurance contracts shall be

in writing. But in such case the contract and the authority of the agent must be satisfactorily proved. There being no evidence in this case to show any such authority in Albright S. Hoch, to bind the defendant in the manner claimed by the plaintiff, your verdict must be for the defendant. *Answer:* The second point is affirmed. [12]

*Errors assigned* were (4, 5) rulings on evidence, quoting the bill of exceptions; (2, 3, 7–12) above instructions, quoting them.

*William R. Follmer* and *Andrew A. Leiser*, for appellant.—The parol agreement to renew was binding upon the plaintiff: Squier v. Hanover Fire Ins. Co., 162 N. Y. 552 (57 N. E. Repr. 93); Hay v. Star Fire Ins. Co., 77 N. Y. 235; Giddings v. Phœnix Ins. Co., 90 Mo. 272 (2 S. W. Repr. 139); First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305; McCabe v. Ætna Ins. Co., 9 N. Dak. 19 (81 N. W. Repr. 426); Baldwin v. Penna. Fire Ins. Co., 206 Pa. 249; Royal Ins. Co. v. Beatty, 119 Pa. 6; Sanford v. Orient Ins. Co., 174 Mass. 416 (54 N. E. Repr. 883); Kelly v. Commonwealth Ins. Co., 23 N. Y. Super. Ct. 82.

The offers were to show the usage of the business generally and with respect to the defendant company specially and it was error to reject the evidence: Greenwich Ins. Co. v. Waterman, 6 U. S. App. 549; Putname v. Home Ins. Co., 123 Mass. 324; Commercial Mut. Marine Ins. Co. v. Ins. Co., 60 U. S. 318; McCabe v. Ins. Co., 9 N. Dak. 19 (81 N. W. Repr. 426); Helme v. Phila. Life Ins. Co., 61 Pa. 107; Girard Life Ins. Co. v. Mutual Life Ins. Co., 97 Pa. 15; Matlack v. Bank, 180 Pa. 360.

*Albert L. Moise,* with him *William H. Hackenberg, Samuel D. Matlack* and *S. H. Alleman,* for appellee.— There was no contract in præsenti, and therefore no contract at all: Taylor v. Ins. Co., 47 Wis. 365 (2 N. W. Repr. 559); Idaho Forwarding Co. v. Ins. Co., 8 Utah, 41 (29

Pac. Repr. 826); Baumgartel v. Ins. Co., 136 N. Y. 547 (32 N. E. Repr. 990); Hartford Fire Ins. Co. v. Davenport, 37 Mich. 609.

The agent's contract was not binding on the company: Stewart v. Ins. Co., 102 Cal. 218 (36 Pac. Repr. 410); Sargent v. Fire Ins. Co., 86 N. Y. 626.

An oral agreement such as that declared upon is prohibited by appellee's charter and by the general act of assembly of 1856: Hazlett v. Allegheny Ins. Co., 1 Walker, 336.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1910:

The plaintiff owned a piece of real estate with a dwelling house and a barn erected thereon, which improvements were insured with the defendant company under separate policies; the policy on the house expired August 19, 1905, and that on the barn November 2, 1905. The insurance had been placed by one Hoch, an agent of the defendant company. According to the plaintiff's testimony, some time in August, 1905, Hoch met him on the street and said, "The policy on your house will expire shortly." A few days after this the plaintiff met Hoch and said, "Renew the policy, and we will leave it the same as it is, but I have not the money to pay you to-day, but I will pay you inside of a week or so;" to which Hoch replied, "That would be all right." The plaintiff testified further: "And I said 'Don't forget the barn, and renew the barn as quick as that comes due and send it up, or send it up and I will pay you the same as I did previous to this time with the cash. . . .' I told him he should renew the policy on the barn and watch it up, and I would attend to it. . . . I told him 'If I can't pay you at once I will pay you like this time;' and he said, 'That will be all right and I will attend to it, you don't need to worry.'" Plaintiff further stated that subsequently he said to Hoch in reference to the insurance, "Watch the others;" and Hoch replied, "I will attend to them, you don't need to worry;" and, "I told

him again in front of my wife, 'You watch all the insurance.'" The insurance on the barn was not renewed, and on November 6, 1905, it was destroyed by fire. The plaintiff brought an action against the defendant company, and sought to maintain his claim on the theory that the conversation between himself and Hoch constituted a parol contract whereby the company agreed that upon the expiration of the then existing policy it would insure the barn by a renewal thereof. Binding instructions were given for the defendant, and the plaintiff has appealed.

We cannot agree in all respects with the views of the learned trial judge as expressed in his rulings upon the evidence and in his charge to the jury, but we concur in the conclusion reached.

In Pennsylvania the law permits oral contracts of insurance: Lenox v. Ins. Co., 165 Pa. 575; Ripka v. Insurance Co., 36 Pa. Superior Ct. 517. Although there is a difference of opinion in the various jurisdictions and among the text-writers as to whether or not an executory contract can be made to insure in the future, yet the clear preponderance of authority seems to be that such contracts are valid: Security Fire Ins. Co. of New York v. Kentucky Marine & Fire Ins. Co., 7 Bush (Ky.), 81; Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305; Cohen et al. v. Continental Fire Ins. Co., 67 Texas, 325; Commercial Mut. Marine Ins. Co. v. Union Mutual Ins. Co., 60 U. S. 318; Tayloe v. Merchants' Fire Ins. Co., 50 U. S. 390; Post v. Ætna Ins. Co., 43 Barbour, 351; Ellis v. Albany City Fire Ins. Co., 50 N. Y. 402; Angell v. Hartford Fire Ins. Co., 59 N. Y. 171; Van Loan v. Farmers' Mutual Fire Ins. Assn., 90 N. Y. 280; Moore v. New York Bowery Fire Ins. Co., 130 N. Y. 537; Stickley v. Mobile Ins. Co., 37 S. C. 56; Baubie v. Ætna Ins. Co., 2 Dill. 156; Taylor v. Germania Ins. Co., 2 Dill. 282; King v. Cox, 63 Ark. 204; Newark Machine Co. v. Kenton Ins. Co., 50 Ohio Stat. 549. The leading cases pro and con are discussed in

McCabe Bros. v. Ætna Ins. Co., 9 N. Dak. 19, and the conclusion is stated, "That an insurance company can by a preliminary parol contract bind itself to issue or to renew a policy in the future seems too well settled to admit of doubt." The argument against the validity of such contracts as stated by Ostrander on Insurance (2d ed.), sec. 12, and adopted by the court below, is not convincing.

In these days of great commercial activity, one can readily conceive of many instances where a man would not be willing to set aside capital and agree to place it in a prospective enterprise, unless he could be positively assured of indemnity against fire risk, and this can only be accomplished by contracts to insure in the future. We find no Pennsylvania authority which holds directly against their validity, and in Hamilton v. Lycoming Mut. Ins. Co., 5 Pa. 339, Chief Justice GIBSON says: "In commercial towns, where the members of the profession are familiar with the law of insurance, actions on mere agreements to insure, whether against fire or perils of the sea, are not uncommon. They are noticed in 1 Phillips on Insurance, sec. 3, p. 9; but it appears that the terms of the contract must have been settled by the concurrent assent of the parties, and that nothing must have remained to be done but to deliver the policy, else the risk will not have been begun; in other words, that the agreement must have had, at some particular instant, that aggregatio mentium which is indispensable in the constitution of every contract." The tendency of our cases is to favor the validity of such contracts, but they uniformly hold that all parol contracts of insurance, even those to take effect in præsenti, must be clearly established in every particular: Patterson v. The Benjamin Franklin Ins. Co., 81* Pa. 454; Ripka v. Fire Ins. Co., 36 Pa. Superior Ct. 517. "To constitute a verbal contract of insurance the minds of the parties must have met upon all the essentials of the contract. The testimony must make clear the subject-matter of insurance,

the amount and elements of the risk, including its duration in point of time and extent in point of hazard assumed, the rate of premium, and generally all the circumstances which are peculiar to the contract and distinguish it from every other so that nothing remains to be done but to fill up the policy and deliver it, on the one hand, and pay the premium on the other:" Keystone Mattress, etc., Co. v. Pittsburg Underwriters, 21 Pa. Superior Ct. 42.  This is a wise and salutary rule which bears hard upon no one; for oral contracts of insurance are not usual, and if for any reason one should desire to make such a contract he ought to do so in a proper manner, so that in any future controversy on the subject it can be made plain to the tribunal which has to pass upon it.  Otherwise, wherever a careless man becomes in the habit of depending upon the insurance agent to notify him of the expiration of his policy, and the insurance runs out, he will be too apt to assume the right to set up such a contract.

We do not overlook the cases that hold to the rule that where an oral preliminary contract of insurance is shown it will be presumed that the parties contemplated such a form of policy as has been usual between them, or is usual in such cases, and we can conceive of instances where this rule might well be applied, but this is not one of them.

In the present case the testimony to establish the alleged contract is too vague.  Although it is repeated in several different forms upon the notes, we have stated it most strongly for the plaintiff.  And yet what have we?  A conversation between the plaintiff and the agent of the defendant company about renewing another insurance, in which the former said to the latter, "Don't forget the barn.  Renew the barn as quick as that comes due," and received the reply, "I will attend to it, you don't need to worry."  How can we from this say with any safety that the defendant company thereby agreed upon an insurance in any fixed amount for any fixed

term either in the present or future.  The very words
used by the agent indicate an intent to attend to some-
thing in the future for the plaintiff, rather than a then
present assumption of an obligation binding upon his
company.  The old policy on the barn was in the posses-
sion of the plaintiff, so he as well as Hoch had means of
information as to the date of its expiration.  The whole
surroundings negative the idea of a serious contract
being made: the conversation consisted of a few words on
the street; no money was passed, no memorandum was
made, and no definite promise given on either side.
After the conversation the plaintiff again instructed Hoch
to watch the insurance, which would indicate that he
did not consider himself protected by any binding con-
tract at the time of the first conversation.  The testi-
mony is lacking in details essential to show clearly a
contract to insure in the future, and it is also lacking
in proper proof of the authority of the agent to make
such a contract.

As evidence of Hoch's authority, the plaintiff offered a
written commission from the defendant company appoint-
ing Hoch agent in the territory in question "with full
power to receive proposals for insurance against loss or
damage by fire . . . . with authority to issue and counter-
sign policies and renewal receipts, furnished by said asso-
ciations; to assent to assignments and transfers, to collect
premiums . . . . and to transact such other business as
may be intrusted to his care."  This commission cannot be
construed as conferring upon the agent authority to bind
and obligate his company on the unusual contract here
sought to be established.  True it is that the third specifi-
cation of error contains an offer to show that insurance
agents "are accustomed to agree to renewals in advance of
the expiration of the current policies and give credit for
premiums, accounting to the company monthly for the
premiums whether they are paid or not by the insured;"
and that the fifth specification presents a similar offer
"for the purpose of showing this is the usage and custom

of this particular company." But the offers were properly refused. While it was admitted by the plaintiff that he had never paid the premium on the insurance claimed, yet there was no defense on that ground, so the question of credits for premiums was out of the case. With this out, the offers were merely to show that the agents were accustomed to agree to renewals in advance of the expiration of current policies; not that they were accustomed to make such oral contracts for future insurance or renewals as contended for by the plaintiff. Therefore the offers were irrelevant and immaterial to the issue. "We have no right to reverse the action of the court below upon a surmise that the defendants might have made their offer broader:" Silliman v. Whitmer, 11 Pa. Superior Ct. 243. Assuming that the plaintiff could have made the offers as stated good, there is not enough in the case to show either that the agent had authority to make the contract contended for by the plaintiff or that in point of fact such a contract was ever actually consummated.

There is another serious point in this case. The defendant company was incorporated under the Act of May 5, 1871, P. L. 572, the sixth section of which provides: "The president and directors shall have full power, on behalf of said corporation, to make insurance . . . . and to make, execute and perfect such and so many contracts, bargains, agreements, policies and other instruments as shall or may be necessary and as the nature of the case shall or may require; and every such contract, bargain, agreement and policy to be made by the said corporation shall be in writing or in print. . . ." The defendant contends that this charter requirement is in itself a sufficient defense against an oral contract of insurance; while the plaintiff contends that the provision refers only to executed contracts or policies of insurance, and not to preliminary contracts to make or renew policies; and he makes a most convincing argument on this point, citing many respectable authorities.

But no matter what the view may be elsewhere, in Pennsylvania we have an authority which settles the question here. In Hazlett v. Allegheny Ins. Co., 1 Walker, 336, the defendant company was chartered under the Act of April 2, 1856, P. L. 211, the tenth section of which is to all intents and purposes identical with sec. 6 of the act of 1871. The claim was on a verbal contract of insurance. The court below reserved the question "Whether a contract of insurance such as specified in plaintiff's first point, is binding upon defendant, and entitles plaintiff to recover in this case?" In entering judgment for the defendant non obstante veredicto the court said: "Upon the first question, I think the law under the charter of the defendant is clearly with the defendant;" and in affirming this judgment we said: "Contracts of insurance are expressly required by defendant's charter to be in writing. . . . There being no sufficient ground of estoppel alleged the case fell back . . . . upon the mere binding effect of a verbal contract for insurance, and this the charter answers in the negative." It will not do to say that the construction of this charter requirement contended for by the plaintiff in the present case was not considered by this court in the Hazlett case, for it appears in the report that "George Shiras, Esq., for plaintiff in error argued that a verbal contract of insurance is binding. . . . The company would still be liable on an agreement to issue the policy, though the statute requires the formal insurance policies to be in writing. . . . This company could make arrangements, and even parol promises, as to the terms on which a policy shall be issued, so that a court of equity will compel the company to execute the contract specifically, and where the loss has happened, to avoid a circuity of action, the chancellor will enter a decree directly for the amount of an insurance for which the company ought to have delivered their policy properly attested." And "M. W. Acheson and W. G. Hawkins, Jr., Esqs., contra, replied, the company could not make a formal policy of insurance; for by its charter it is subject to the insurance

act of April 2, 1856 . . . . as follows. . . . 'And every such contract, bargain, policy and other agreement shall be in writing or print.' . . ." This shows that the point was clearly presented by most able counsel, and although the opinion is brief, we must assume that it was passed upon after full consideration.

In Ripka v. Fire Ins. Co., 36 Pa. Superior Ct. 517, President Judge RICE states the rule: "An agent duly authorized . . . . may make contracts by parol . . . . unless there be specific charter requirements that . . . . all insurance contracts shall be in writing." The act of 1856 was a general insurance act which by its terms was made applicable to companies to be incorporated by special acts in the future. It was in force until its repeal by the Act of May 1, 1876, P. L. 53: Moise and Matlack on Insurance, Col. 15,479. The defendant company was incorporated by a special act in 1871. Both of these acts contain the same provision requiring insurance contracts to be in writing; so that even if this provision had been omitted from the act of 1871, the company would still have been bound by the provision under the act of 1856, and therefore it was in the same position as the defendant in the Hazlett case. Under such circumstances, a construction having already been placed by this court upon the very words contained in the charter of the defendant company, we cannot depart therefrom on the facts in the present case. We do not mean to rule that this charter provision would be a protection against all verbal contracts of insurance. There might be cases where certain elements of estoppel would exist which would afford life to such contracts; but there are no such elements in the present case any more than in the Hazlett case where the plaintiff claimed that the understanding and agreement was that the insurance "was to take place immediately," and he failed to insure elsewhere and met with a consequent loss.

But the plaintiff contends that the effect of the act of 1871 cannot be considered for two reasons: first, under the rule of the local court a specification in writing of all

special matters of defense must be furnished before trial, and this act was not referred to in defendant's specification; next, the Act of May 11, 1881, P. L. 20, forbids consideration of the defense. As to the first contention, an examination of the record shows that no such objection was made in the court below. "It is well settled that the party complaining on appeal of the admission of the evidence objected to in the court below, will be limited to the specific objections made to it there:" Danley v. Danley, 179 Pa. 170; Messmore v. Morrison, 172 Pa. 300. When a party relies upon the want of special notice he must place his objection on that ground: Hawk v. Geddis, 16 S. & R. 23; Rearich v. Swinehart, 11 Pa. 233; Miller v. Stem, 12 Pa. 383; Hobson v. Croft, 9 Pa. 363. Concerning the next point it is sufficient to say that the act of 1881 is limited in every particular to written policies and has nothing to do with oral contracts of insurance: Lenox v. Ins. Co., 165 Pa. 575.

We have considered all the assignments of error, and although we do not entirely agree with the views of the learned trial judge as expressed and brought upon the record in the second, tenth and eleventh specifications, we find no reversible error.

The judgment is affirmed.