From Homer L. Kreider, Harrisburg, Pa.

---

## Butkus v. Citizens Insurance Company.

*Insurance—Fire insurance—Parol insurance.*

1. A parol policy of insurance must be complete in itself, unambiguous in its terms, and the minds of the parties must have met.

2. An insurance made without issuing a policy is to be regarded as made upon the terms and subject to the conditions in the ordinary forms of policy used by the company at the time.

3. In an action on a parol policy of fire insurance for a term of three years, a statement of claim is insufficient which sets forth that the loss occurred two and one-half years after the date of the contract, without setting forth the premises where the insured property was located, the authority of the company to make such insurance, or the authority of its local agent to bind the company, and without averring when or how the company was notified of the loss.

4. Not decided, whether the Act of May 17, 1921, P. L. 682, abolished oral policies of insurance.

Statutory demurrer to statement of claim. C. P. Schuylkill Co., Jan. T., 1926, No. 653.

*J. J. Gallagher,* for plaintiff.

*A. Julian Pilgram* and *Horace M. Schell,* for defendant.

Bechtel, P. J., July 26, 1926.—In this case the plaintiff filed a declaration, in which he seeks to recover from the defendant the sum of $1000, with

Butkus v. Citizens Insurance Company.

interest. He claims that on or about Jan. 18, 1923, he and the defendant, through its agent at Mahanoy City, entered into a verbal contract of insurance, whereby the defendant agreed to insure the household furniture of the plaintiff in the sum of $1000 for the term of three years from that date for a stipulated premium of $12.50. He further alleges that the agent was the local agent for the defendant company and had authority as such to make contracts of insurance on its behalf, and that on March 1, 1925, he paid to the agent the sum of $12.50 premium. He further alleges that on June 9, 1925, the furniture was destroyed by fire, and that defendant was notified of the loss occasioned by the fire and demand made for the amount of the policy, which was refused.

The defendant files an affidavit of defence raising questions of law, wherein it is set forth that the statement of claim does not set forth a good cause of action; that the claim is based upon an alleged verbal contract of insurance, which is invalid and illegal under the provisions of sections 522, 523 and 524 of the Act of May 17, 1921, P. L. 682. That the said statement fails to aver the location of the premises in which the household furniture was located. That it fails to aver the date of the alleged loss. That it fails to aver that the plaintiffs, within sixty days after the date of the loss, filed with the defendant company a proof of loss. That it fails to aver when the plaintiff notified the defendant of the loss. It will thus be seen that two questions are raised for our consideration: (1) Whether an oral contract of insurance is valid since the passage of the Act of May 17, 1921, supra? (2) Whether the statement of claim is self-sustaining?

Section 523 of the Act of 1921, supra, is prefaced as follows: "The standard form of policy to be used by any stock fire insurance company shall be plainly printed and no portion thereof shall be in type smaller than the type used in printing the form on file in the office of the Insurance Commissioner."

This act is plainly an act for the purpose of codifying the insurance business of the State. It contains the form of policy to be used, the size of type, how additions or alterations may be made, what may be done by companies from other states, and how their action is to be construed. It does not provide anywhere for the issuing of oral policies of insurance. While it would seem from this that it was the purpose of the legislature to abolish the issuance of oral policies of insurance, we are not deciding this case on this question. Prior to the passage of this act, there can be no question that there had been recognized an oral policy of insurance, subject to certain restrictions. The decisions to which our attention has been called on this subject seem to indicate clearly that this oral policy of insurance must be complete in itself, unambiguous in its terms and that the minds of the parties must have met.

In addition to this, it seems to have been an ad interim policy, so to speak, filling the time from the date when the insurance was applied for until the time when the policy was issued in response to the application. In Eureka Ins. Co. v. Robison, 56 Pa. 256, it was held that an insurance made without issuing a policy is to be regarded as made upon the terms and subject to the conditions in the ordinary forms of policies used by the company at the time. In Benner v. Fire Ass'n of Philadelphia, 229 Pa. 83, it is said: "To constitute a verbal contract of insurance, the minds of the parties must have met upon all the essentials of the contract. The testimony must make clear the subject-matter of insurance, the amount and elements of the risk, including its duration in point of time and extent in point of hazard assumed, the rate of premium, and generally all the circumstances which are peculiar to the contract and distinguish it from every other, so that nothing remains to be

Butkus *v.* Citizens Insurance Company.

done but to fill up the policy and deliver it, on the one hand, and pay the premium, on the other."

It will thus be noted that it is said that nothing remains to be done but to fill out the policy and deliver it. This clearly contemplates the filling out of a policy as supplemental to the oral contract of insurance. In the case before us it will be noted that it is sought to bind the company on an oral contract of insurance for a term of three years, the loss having been sustained nearly two and one-half years subsequent to the alleged oral contract of insurance. It does not seem to us that insurance of this character, under the terms as set forth in the plaintiff's statement in this case, has been upheld by any legislation or decisions in Pennsylvania.

In addition to this, there is nothing contained in the statement informing us as to the laws under which the defendant company operated or in what state it received its charter. There is nothing in the declaration relative to the location of the premises in which the property was located which it is claimed was insured. There is nothing contained in the statement averring that the local agent of the defendant company had authority to make contracts such as this, neither is there anything alleging that the defendant company by its charter had any right to engage in such insurance. There is nothing contained in the statement as to when defendant was notified of the loss sustained or how it was notified. It seems to us, therefore, that the plaintiff's statement of this case does not set forth a good cause of action.

The statutory demurrer filed in this case is herewith sustained.

From M. M. Burke, Shenandoah, Pa.