Rauschenberger, Appellant, *v.* Mutual Benefit Fire Insurance Company.

Argued September 28, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Carmen V. Marinaro,* for appellant.

*J. Campbell Brandon,* with him *W. D. Brandon, Hugh S. Millar* and *Brandon & Brandon,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 14, 1949:

This is an appeal from the refusal of a new trial following a directed verdict for defendant in an assumpsit suit by plaintiff, the appellant, against a fire insurance company, the appellee.

On July 13, 1946, the defendant insurance company issued a *written* fire insurance policy on appellant's garage. The term of the policy was for one year. It had been obtained by appellant, the owner, through Merle A. McKee, a local soliciting agent of the insurance company. Appellant averred that at the expiration of its term McKee *orally* agreed to continue the policy for another year and that he had paid the premium to McKee. This was denied by McKee. Ten months after the alleged renewal, the garage was destroyed by fire. The insurance company refused to pay the amount of loss and this suit was instituted.

Whether or not there are statutory prohibitions against oral contracts made by fire insurance companies need not be considered. Cf. Section 317 of the Act of May 17, 1921, P. L. 682, 40 PS 440 and section 522, as amended, 40 PS 657 (f) ; *Rossi v. Firemen's Insurance Company,* 310 Pa. 242, 250 et seq., 165 A. 16 ; *Harris v. Meyers,* 160 Pa. Superior Ct. 607, 612, 52 A. 2d 375. In this case the question becomes unimportant because the record clearly reveals that the agent, McKee, had no authority to bind the insurance company by *any* contract, whether oral or written : *Benner v. Fire Association of Philadelphia,* 229 Pa. 75, 78 A. 44 ; *Keystone Mattress and Spring Bed Company v. Pittsburgh Underwriters of Pennsylvania,* 21 Pa. Superior Ct. 38 ; *Ripka v. Mutual Fire Insurance Company of Annville,* 36 Pa. Superior Ct. 517. An insurance agent, like any other agent, cannot bind the company where he acts beyond the scope of his authority : *Greene v. Lycoming Fire Insurance Company,* 91 Pa. 387 ; *Russ v. Metro. Life Ins. Company,* 98 Pa. Superior Ct. 353.

The written agency contract between McKee and the insurance company, received in evidence, reveals that McKee's authority to act as the insurance company's agent was merely *"to receive and accept proposals for insurance"* for such risks *"as the Insurance Company*

*and the General Agent may ...... authorize"*. It was not shown that McKee possessed either express or implied authority to enter into any binding contract on behalf of the insurance company. Appellant offered no evidence of ratification of the alleged contract by the insurance company and also failed to show whether appellee had any knowledge of the facts and circumstances narrated by appellant. Cf. *Simonin's Sons, Inc., v. American Credit Indemnity Company of New York*, 318 Pa. 160, 177 A. 807.

The direction for a verdict for defendant was properly given.

Judgment affirmed.