## KING *v.* COX.

Opinion delivered November 14, 1896.

INSURANCE—VALIDITY OF ORAL CONTRACT.—An oral contract to renew a policy of insurance is not within the statute of frauds, and, if supported by a valuable consideration and free from fraud, and made by competent parties, is binding, though the premium is not paid at the time, if credit is given, or it appears from the circumstances and the situation of the parties that payment at that time was not exacted.

SAME—WAIVER OF FORFEITURE.— An insurance company which, through its general agents, is chargeable with knowledge that the title of the property insured was in an individual member of the insured firm waives the right of insisting upon a forfeiture

because of the violation or falsity of the representation and warranty by the insured that they were the absolute owners of the property.

SAME—WAIVER OF FORFEITURE.—The insurer cannot insist upon the forfeiture of a renewal contract of insurance because of a breach of the warranty that the house and lot are free from incumbrance, in that there was a vendor's lien thereon for the purchase money on a sale from the insured firm to an individual member thereof, where the company through its general agents assented to the sale of the property while the original contract was in force, although the agents may not have actually known of the reservation of the vendor's lien.

LIABILITY OF AGENT TO THIRD PERSON.—Where, in an action on a policy of insurance against the insurer therein and its agent, it appears that the agent was authorized to issue the policy, and that the insurer is bound thereby, no recovery can be had against the agent.

Appeal from Boone Circuit Court.

BRICE B. HUDGINS, Judge.

STATEMENT BY THE COURT.

The appellees recovered judgment, in a suit brought by them against the appellants, upon a parol contract to renew a policy of insurance against loss by fire. The policy was not in fact issued in accordance with the agreement for renewal, and the property insured was consumed by fire. To reverse the judgment against them, King Brothers and the insurance company have brought the case here by appeal. The policy to be renewed, as we understand, expired the 27th day of December, 1892, and was numbered 31,162. Cox & Denton made a written application for this policy numbered 31,162, in which they stated that their title to the store house and lot on which the house insured was situated was absolute, and the property was not mortgaged or otherwise incumbered.

The application, numbered 31,162, made and signed by Cox & Denton, which was read in evidence, contains the following statements, which, by the terms of the policy, are warranties, viz:

"Insurance is desired in the American Fire Insurance Company of Philadelphia upon the following described property, belonging to the undersigned, Cox & Denton, and situate in Gassville, in the county of Baxter, State of Arkansas. Location—(give lot and block, numbers and side of street). Ans. North side of Main street. How occupied? Ans. Applicant; country store. Is your title to above described property absolute? Ans. Yes. If you do not own building, give name of owner. Is property on which insurance is wanted mortgaged or otherwise incumbered? Ans. No."

The policy of insurance expiring December 27, 1892, which was introduced in evidence by the appellees, contains the following provisions:

"The American Fire Insurance Company of Philadelphia, in consideration of the stipulations herein named, and of $38.78, premium, does insure Cox & Denton for the term of one year from the 27th day of December, 1891, at noon, to the 27th day of December, 1892, at noon, against all loss or damage by fire, except as herein provided. * * * $1,055 on their stock of general merchandise, etc.; $333.⅓ on their building, above described (description same as in application); $166.⅔ on their store and office fixtures.

"Special reference being had to the assured's application, No. 31,162, on which this insurance is based, and which is hereby made a warranty by the assured, and a part of this policy. * * * This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject-matter thereof, whether before or after a loss.

"This entire policy, unless otherwise provided by agreement indorsed or added hereto, shall be void * * * if the interest of assured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the assured in fee simple,    *    *    *    or if any change, other than by the death of an insured, takes place in the interest, title, or possession of the subject of insurance.    *    *    *    *    This · policy may, by a renewal, be continued under the original stipulations, in consideration of the premium for the renewed term, provided that any increase of hazard must be made. known to this company at the time of renewal, or this policy shall be void.    *    *    *    This policy is made and accepted subject to the foregoing stipulations and conditions."

Cox & Denton, at the time of the oral agreement for the renewal of the policy, had sold the house and lot to Cox, a member of the firm of Cox & Denton, and had taken notes for the purchase money, and had reserved a lien, on the face of the deed, upon the house and lot conveyed by them to Cox to secure the payment of the notes, which they transferred to Hill, Fontaine & Co. as collateral security.   King Brothers, who, the evidence shows, were the general agents of the insurance company, had consented that the house and lot might be sold by Cox & Denton to Cox, and knew that it had been so sold by Cox & Denton.   But they deny that they knew the terms of the sale, or that any notes were given, or that any lien existed for the purchase money, or that Hill, Fontaine & Co. held notes for the same, and there is no proof that they knew or had any notice that such was the case.

*S. R. Cockrill*, *De Roos Bailey*, and *Ashley Cockrill* for appellants.

A naked oral promise of an insurance company's agent to renew a policy when it runs out is not actionable

on the agent's failure to do so. 53 Ga. 109; 68 Ill. 414, 418; 84 Ky. 470; 47 Wis. 365; 101 N. Y. 575; 1 May, Ins. sec. 138. An agent to receive and forward applications, to collect premiums, and to countersign and issue policies, is an agent of limited powers, and has no implied authority to depart from his custom of issuing a written policy upon a written application. 1 May, Ins. sec. 138; 60 Ark. 532; 144 Mass. 43; 1 Biddle, Ins. sec. 122. The contract was void because the representations that Cox & Denton were the owners of the ground, and that there were no incumbrances on the property, were false. This was a breach of the contract, and it cannot be enforced. 58 Ark. 528; 1 May, Ins. sec. 144 G, p. 270; 117 U. S. 519, 530; 50 Ark. 397; 15 id. 193; 71 Mich. 414; 70 Wis. 1-5; 1 May, Ins. sec. 133 B. An agent's knowledge of the falsity of a representation, which is an inducement to the contract, does not estop the company from taking advantage of its falsity. 58 Ark. 528; 117 U. S. 519, 530; 92 N. Y. 274, 283; 74 Mo. 174; 1 May, Ins. sec. 23 A; 133 Mass. 82; 17 Mo. 287; 46 Me. 394; 133 Mass. 45; 135 id. 440; 1 May on Ins. 290. The contract was an entirety, and not separable. 52 Ark. 257; 1 May, Ins. sec. 277, 189; 47 Me. 403; 48 Wis. 26; 1 Biddle, Ins. sec. 28; 12 Mass. 40. A local agent cannot waive conditions in a policy, even when the naked power of adjusting a loss is granted him. 1 May on Ins. sec. 138; 60 Ark. 532; 144 Mass. 43. Plaintiff could not maintain the action without tendering the premium. 19 How. (N. Y.) 318, 323.

*Rose, Hemingway & Rose, Crump & Watkins*, and *M. N. Dyer* for appellees.

An insurance company is bound by a parol contract of its agent to renew a policy. 6 Ins. Law Journal, 341; 1 Fed. Cases, p. 264; 90 N. Y. 281; 19 How. 318; May,

Ins. sec. 19. Contracts of insurance need not be in writing. 19 N. Y. 305. The issuance of policies was within the general scope of authority of the agents, and third parties are not bound by private instructions received from the principal, not communicated to them by the agents. 55 Ark. 629; *ib.* 632; May on Ins. sec. 126; 89 N. Y. 315. Where an insurance company grants power to an agent, it cannot contract against a corresponding liability. 54 Ark. 56; 53 *id.* 222. Where, through the neglect of an agent, an application is not received or acted on by the company until a loss occurs, the company is liable. 44 N. Y. 538; 50 N. Y. 405; 59 N. Y. 171; 123 Mass. 324. Although, by the printed terms of a policy, it is stated that no policy is binding unless the premium is paid, yet the agent may waive such condition and give a short credit. 35 N. Y. 131; 51 *id.* 117; 66 *id.* 29; *ib.* 222; 59 *id.* 171. Authority to issue a policy includes the power to make a parol contract for its issue. 15 Blatchf. 504; 78 Ind. 136; 138 Mass. 398; 2 Dill. 156; *id.* 282; 5 Hun, 90; 16 Gray, 448; 33 Pa. St. 221; 7 Daly, 555; 59 N. Y. 171; 39 Hun, 176; 43 Wis. 108; 9 Heisk. 606. It was competent for the agent to waive written notice of loss. 52 Ark. 21; May, Ins. sec. 464; 43 Wis. 108; 58 Ala. 476; 29 N. Y. 184; 35 *id.* 131; 51 *id.* 117; 27 Fed. Rep. 25; 39 N. J. L. 482; 58 Wis. 508; 20 Fed. 663; 4 Hun, 413; 112 Mass. 136; 73 N. Y. 11; May, Ins. sec. 131; 50 Pa. St. 331. The denial of liberty is a waiver of the ninety days, and of proof of loss. 53 Ark. 501; 52 Mich. 131; 12 Mo. App. 100. When the agent makes the mistakes, and the insured relies on him as to the proper making of the application, the company will not be allowed to profit by it. 66 Md. 236; 13 Wall. 222; 30 N. W. 401; May on Ins. sec. 143; 29 N. W. 605; 52 Ark. 11; 84 Ind. 253; 53 *id.* 222; 76 N. Y. 415; 68 N. Y. 434; 43 N. J. L. 652; 77 N. Y. 605. If

King Bros. are not bound, the Insurance Company is, and the judgment can be reversed as to them, and affirmed as to the company. Sand. & H. Dig., sec. 1064.

Validity of oral contract of insurance.    HUGHES, J., (after stating the facts.) The policy which was to be renewed according to the parol contract was, of course, to be upon the same terms and conditions as the one that expired on the 27th day of December, 1892, numbered 31,162. It is contended by counsel for appellant that the oral agreement to renew the policy was invalid; that the contract, to be binding, should have been in writing. But in this, we think, the counsel are mistaken. An oral contract for insurance is not within the statute of frauds, and if supported by a valuable consideration, and free from fraud, and made by competent parties, is binding, though the premium be not paid at the time, if credit be given, or it appears from the circumstances and the situation of the parties that payment of the premium at the time was not exacted. *Ellis* v. *Ins. Co.*, 50 N. Y. 405; *Trustees* v. *Ins. Co.*, 19 N. Y. 306; *Angell* v. *Ins. Co.*, 59 N. Y. 171; *Gans* v. *Ins. Co.*, 43 Wis. 108; *Putnam* v. *Ins. Co.*, 123 Mass. 324; *Goldwater* v. *Ins. Co.*, 39 Hun., 176; 1 May on Ins., sec. 126; *Southern Ins. Co.* v. *Booker*, 9 Heisk. 606; *Steen* v. *Ins. Co.*, 89 N. Y. 315; *Union Ins. Co.* v. *McKookey*, 33 Ohio St. 555; *Taylor* v. *Ins. Co.*, 2 Dill. 282; *Scott* v. *Ins. Co.*, 53 Wis. 238.

When forfeiture waived.    It is also insisted that the policy was void, or that the agreement for it was void, because of the violation or falsity of the representation and warranty that Cox & Denton made, when they said they were the absolute owners of the house and lot, whereas they had sold it to Cox, an individual—a member of the firm. But the evidence shows that they had consented to the sale, and knew, when the contract for renewal was made, that it had been so sold and conveyed. They thereby are precluded from insisting upon a forfeiture by reason of this.

They waived it. *Insurance Co. v. Brodie*, 52 Ark. 11. The agent knew it and his knowledge was the company's. We think the proof in the case shows that King Brothers were the general agents of the insurance company, with power to make contracts of insurance and to issue policies, and that they had the power to make this contract of insurance, and that they did make it. They had the power therefore to waive the forfeiture (as they did) by reason of the fact that the company had consented through them, as general agents, to the sale and conveyance by Cox & Denton of the store house and lot to Cox.

But it is urged that the warranty that the house and lot were free from incumbrance, according to the evidence, was broken, as there existed at the time the oral agreement was made an equitable mortgage upon the property, in the shape of a vendor's lien for purchase money, and that this, according to the express terms and stipulations of the policy, rendered the entire policy void. To support the contention, counsel cite, *Providence Life Assurance Society v. Reutlinger*, 58 Ark. 528; 1 May on Ins., sec. 290; *N. Y. Life Ins. Co. v. Fletcher*, 117 U. S. 519; *Loehner v. Home Mutual Ins. Co.*, 17 Mo. 247. If there was no waiver of this incumbrance, the contention is well founded. But "assent given by an insurance company to a sale of the insured property amounts to an assent to the terms of sale, although the company did not know till after the loss that the terms provided for the execution of a mortgage to secure the purchase money." 1 Wood on Fire Ins., sec. 330; *Farmers' Ins. Co. v. Ashton*, 31 Ohio St. 477. In this case the insurance company waived the sale of the property insured, and also the existence of the lien for the purchase money, knowing as they did of the sale before entering into the agreement to renew the policy.

As we have held that King Brothers were the general agents of the insurance company, and that they as such agents bound the company, and were acting within the scope of their authority, it follows that the insurance company is bound, but that King Brothers are not.

The judgment as to King Brothers is reversed, and the cause dismissed as to them, but as to the insurance company it is affirmed.