BRICKEY *v.* CONTINENTAL GIN COMPANY.

Opinion delivered April 27, 1914.

1. EVIDENCE—CONTRACTS—SUBSEQUENT PAROL AGREEMENT.—No rule of evidence is violated by allowing proof of a subsequent parol agreement changing the terms of a prior written contract. (Page 19.)

2. ACTIONS—PREMATURENESS—ABATEMENT.—Where A. and B. entered into an agreement whereby B. was to insure certain premises, and in the event of his failure to do so, A. was given a right of action against him, *held*, an action by A. against B. under the contract would abate, if a subsequent contract between the parties provided that A. maintain the said insurance. (Page 19.)

3. CONTRACTS—ORAL CONTRACTS—STATUTE OF FRAUDS.—An oral contract to place fire insurance on a building and maintain the same for a period of over a year, is an agreement to take out insurance immediately, and therefore not within the statute of frauds. (Page 19.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee was the plaintiff below, and alleged in its complaint, which was filed on October 10, 1913, that it had sold the defendants a gin outfit for the sum of $1,572, of which $524.04 had been paid in cash; the balance to be paid according to the terms of certain notes, made a part of the contract of sale, due and payable November 15, 1913, and November 15, 1914, respectively; that the defendants agreed to insure the property in ten days after its arrival in some good and reliable insurance

company in the sum of $1,000, and to continue the insurance without cost to the plaintiff, as its interest might appear. That the contract of sale provided that upon failure to pay any of the said notes upon maturity, or the failure to keep any of the terms of the agreement contained in the contract, that all the deferred payments should at once become due and payable. It was alleged that the defendants failed to insure said property within ten days after its arrival as provided, and it was thereafter totally destroyed by fire, and that by reason of the failure to insure said property said notes had become due and judgment was asked for the amount of them.

The contract contained the following provisions:

"If the undersigned fails to pay any of the said notes when due, or fails to make any payments, as herein required, or fails to keep any of the terms of the agreement herein contained, then all of said notes or deferred payments shall at once become due and payable. And the undersigned agrees to pay all cost and damages sustained, and such cost including an attorney's fee." And also the following further provision: "On failure to pay the taxes or to keep such property insured as provided herein, then you, at your option, may pay such taxes and insure the property, and charge the same to the undersigned, who agrees to pay the same with 8 per cent interest per annum."

The defendants answered, admitting the execution of the contract and of the notes, but alleged that subsequent to the execution of the notes and contract there was entered into an oral agreement by which the plaintiff agreed to carry the insurance upon the property and thereby waived this provision of the contract and released the defendants therefrom, and that because of said agreement the notes sued on had not matured and the suit was prematurely brought. They also filed a counter-claim arising out of said agreement upon the part of the plaintiff to insure the property and its failure so to do, and judgment was asked in the sum of $1,000 because of this failure. The plaintiff filed a demurrer to

so much of the defendant's answer as set up a subsequent oral agreement. A reply to the counter-claim was also filed, in which the subsequent agreement on the part of the plaintiff to insure the property was denied, and it was alleged that if any of its agents had made such a contract, they were without authority and the agreement was void on that account; and moreover it alleged the subsequent agreement was void as having been made without consideration, and that the original contract having been reduced to writing, as required by the statute of frauds, it could not be subsequently altered or changed by parol, and that if any such contract had been made, it was void under the statute of frauds, which was specially pleaded.

There was no motion to make the counter-claim more definite or certain, and upon the hearing the court sustained the demurrer and the defendants stood upon their answer and counter-claim, and excepted to the action of the court in dismissing them, and have duly appealed to this court.

*W. P. Strait* and *Mehaffy, Reid & Mehaffy,* for appellant.

1. The demurrer was properly sustained. Proof of a parol agreement violated no rule of evidence. 27 Ark. 310; Wigmore on Evidence, Vol. 4, § 2441; Elliott on Evidence, Vol. 1, § 581; 85 Ark. 605.

2. The agreement pleaded in no way varies or contradicts the terms of the written contract. Any collateral "parol agreement may be proved," provided it does not change the terms of the written contract. Am. & Eng. Enc. Law, Vol 21, pp. 1095-6; 27 Ark. 510. Evidence offered to explain how a contract is to be carried out is admissible. 1 Utah 305; 67 S. W. 303; 58 N. E. 133; 61 N. E. 1129; 111 Ill. App. 460; 62 Atl. 797.

3. It is not sufficient to simply allege that the contract or agreement is void, but the fact must be set out. Enc. of Plead. & Prac., Vol. 9, § 714, and note.

4. The provisions of the contract which come within the statute of frauds have been performed. 71 Ark. 326.

The remainder of the contract can be enforced.   91 Ark. 149; 71 *Id.* 326.

5.   Contracts of insurance are not within the statute of frauds, and if otherwise valid may be entered into by oral agreement.  63 Ark. 204; 67 *Id.* 439.   The contract was with the vendor and could be waived.   53 Ark. 223; 52 *Id.* 11.

*J. F. Sellers,* for appellee.

1.   The subsequent oral agreement is void.   54 Ark. 525; 24 *Id.* 269; 32 *Id.* 327; 50 *Id.* 261.   The answer stated a mere conclusion.   64 Ark. 46; 43 *Id.* 296; 31 *Id.* 728.

2.   It was void for uncertainty.   161 S. W. 168.

3.   It was against the statute of frauds and void. Kirby's Dig., § 3654, clause 6; 46 Ark. 84.

4.   The demurrer is proper where a contract is required by the statute to be in writing and the pleading shows it to be oral.   96 S. W. 716; 45 N. Y. S. 997; 86 Pac. 425; 9 So. 164; 56 N. W. 1019; 10 So. 757; 175 Fed. 756; 31 Ark. 728; 118 S. W. 298.

5.   The contract could only be rescinded in writing. 4 Ark. 286; 9 *Id.* 488; 12 *Id.* 148; 85 Fed. 193; 69 N. E. 269; 61 S. W. 644; 70 S. W. 1094.

SMITH, J.; (after stating the facts).   This suit was brought upon the theory that the notes had matured and become payable because of appellants' failure to insure the property, as required by the contract of sale.

Appellants alleged that the suit had been prematurely brought because of the subsequent agreement, by the terms of which appellee agreed to insure the property.   The effect of such agreement, if valid, would be to abate the suit on the notes for the reason that it was prematurely brought.   Appellees' failure to insure the property would not make the notes due and payable, before they would otherwise become due, if they had been relieved of that obligation by a subsequent parol agreement, by which the insurance should be taken out and paid for by the gin company.

We think the court erred in sustaining the demurrer to the answer.   In the case of *Von Berg* v. *Goodman,* 85

Ark. 605, it was said: "No rule is violated by allowing proof of a subsequent parol agreement changing the terms of a prior written contract." The original contract gave appellee the right to insure the property in the event the appellants failed to do so, and to charge the costs thereof to appellants, together with interest at the rate of 8 per cent per annum.

The answer presents a question of fact, and if it be true that this subsequent agreement was entered into, then this suit must abate as having been prematurely brought. *Rodgers* v. *Wise,* 106 Ark. 310; *Hickey* v. *Thompson,* 52 Ark. 234.

Appellee insists that the parol agreement is void under the statute of frauds because the contract of sale was made April 25, 1913, and the last note would not fall due until November 15, 1914, and that the suit itself was begun more than a year before the maturity of the last note, and that therefore the period for which the insurance was to be carried was more than one year. But while the contract of insurance would have continued for more than a year, the agreement to take out the insurance was one to be performed immediately, and the statute of frauds has no application. *Meyer* v. *Roberts,* 46 Ark. 80.

The judgment will therefore be reversed, and the cause remanded with directions to overrule the demurrer.