AETNA INSURANCE COMPANY *v.* SHORT.

Opinion delivered June 19, 1916.

1. INSURANCE—PAROL—CONTRACT OF.—At common law contracts of insurance were not required to be in writing originally, and in the absence of any statutory prohibition a parol contract of that character will be valid.

2. INSURANCE—RENEWALS—AUTHORITY OF AGENT—PAROL AGREEMENT. —Where an agent has authority to renew premiums of insurance, a parol preliminary agreement to that effect, when it is to be consummated by filling out and delivering a policy pursuant thereto, is valid and binding, even though the premium is not paid.

3. INSURANCE—PAROL RENEWAL CONTRACT—BURDEN OF PROOF.—The burden is upon the plaintiff (the insured), to establish a parol contract of renewal, and this must be established by a preponderance of the evidence.

4. INSURANCE—RENEWAL—TERMS.—A renewal of a policy is, unless otherwise expressed, on the same terms and conditions as were contained in the original policy.

5. INSURANCE—FAILURE TO PAY—PENALTY AND ATTORNEY'S FEES.— Where defendant insurance company failed to pay a loss, accruing under a parol renewal, the company will not be liable for penalty and attorney's fees under the statute.

Appeal from Cleburne Circuit Court; *J. I. Worthington,* Judge; reversed in part, affirmed in part.

STATEMENT BY THE COURT.

W. J. Short sued the Aetna Insurance Company to recover upon a policy of fire insurance issued by it upon a stock of goods. The material facts are as follows:

W. J. Short was a merchant at Heber Springs, Arkansas, dealing in hardware, queensware, furniture, farming implements, wagons and machinery. Originally he had something like $8,000 insurance on his stock, including the policy in question. J. B. Higgason was the agent of the Aetna Insurance Company at Heber Springs and was authorized to issue policies of insurance for it. On October 7, 1912, he issued and delivered to Short a policy of insurance for $2,000 on his stock of goods. The policy was on the printed form of the company and was in the usual form of a standard insurance policy. On October 7, 1913, the policy was renewed to October 7, 1914, by J. B. Higgason. It is the contention of the insurance company that the policy was not again renewed. Short, however, claims that the policy was again renewed by Higgason in October, 1914, and he based his right to recover on that ground.

The original policy insured Short on his stock of merchandise consisting principally of furniture, hardware, queensware, farming implements, and machinery and such other merchandise not more hazardous than is usually kept for sale in a general store. Permission was granted for $8,000 other concurrent insurance. The policy was countersigned by J. B. Higgason, agent.

W. J. Short testified substantially as follows: In January, 1914, I sold my stock of goods, except farming implements, wagons and machinery. Higgason told me it was not necessary to make any change in my policies on that account. At that time I had about $8,000 insurance on my stock. Some of these policies would expire in the spring, and I told Higgason he need not rewrite them. I reminded him about my $2,000 policy which ran until fall, and told him I would keep that up. In October, 1914, this was the only policy I had left on my stock of goods.

It was the custom of Higgason to issue policies and to collect for them at the end of the next month. Sometimes when he issued a renewal policy, he would bring it right over, but sometimes he would wait until the end of the month. Somewhere from the 4th to the 6th of October, 1914, Higgason came into my store to collect the premium on a policy which he had issued on my storehouse. I paid the premium and he asked me to let him write some more insurance on my stock. I told him that I would not need any until my stock policy expired, and requested him to be sure and not forget to renew it. He promised to renew it. We talked about a raise in the rate because of a stable which was situated near the rear of my store. It was agreed between us that I should pay the increased rate and that later on I could obtain a reduction if the stable was removed.

W. F. Haywood testified that he was a brother-in-law of Short and heard the agent agree to renew the policy as stated by Mr. Short.

On the 20th of October, 1914, the storehouse of Short caught fire and his stock of goods was burned. It is agreed that Short, if entitled to recover at all, is entitled to recover the full amount of the policy sued on.

For the insurance company J. B. Higgason testified substantially as follows: On October 7, 1912, I issued to W. J. Short a policy of insurance for $2,000 on his stock of goods in the Aetna Insurance Company. On October 7, 1913, I renewed the policy for one year. A short time before the policy expired in 1914, I asked Mr. Short to again have the policy renewed. He declined to renew the policy and it expired on October 7, 1914. I had a book in which I kept the date of the expirations of insurance policies issued by me for companies represented by me. The book showed that W. J. Short had a policy of insurance with the Aetna Insurance Company, and that it expired on October 7, 1914. When Short declined to renew the policy I ran my pencil through the date of expi-

ration on the book. This was done to show that he declined to renew the policy.

W. D. Raywinkle purchased the insurance business of Higgason in the fall of 1914 and had charge of his books on the night of the fire. He testified that on that night he went into his office and took out the books to find out whether or not a policy on another customer had expired. In doing this, he noticed a pencil mark had been run through the date of the expiration of the policy in question.

The jury returned a verdict for the plaintiff, Short, for the amount of the policy less the unpaid premium, and the insurance company has appealed.

*Ashley Cockrill* and *H. M. Armistead,* for appellant.

1. A parol agreement must, in order to be binding as a contract of insurance, be one for present insurance and not an agreement to insure at some future time. 13 A. & E. Enc. 221; 121 Mass. 338; 8 Utah, 41; 47 Wis. 365; 53 Ga. 109; 134 N. Y. S. 105; 119 S. W. 984; 86 N. R. 787.

2. An oral contract to renew a policy must be established by a clear preponderance of the evidence. The evidence must be clear and convincing. 75 Oh. St. 312; 2 Clement, Fire Insurance, 47; 13 A. & E. Enc. 221; 106 Pac. 720; 55 *Id.* 435; 2 Dill. 156; 132 Pac. 590; 17 Cyc. 771, 773, 777-8.

3. Appellee was not entitled to a penalty or attorney's fee. 92 Ark. 387; 93 *Id.* 84.

*M. E. Vinson* and *Gus Seawell,* for appellee.

1. The evidence establishes an oral agreement to *renew* a policy then in force. This is settled by the verdict of the jury. No question is raised as to the amount of loss nor the authority of the agent, hence all other questions are waived. 91 Ark. 427.

2. A parol contract to renew a policy or for insurance is valid even though to be performed in future. 63 Ark. 204; 67 *Id.* 433, 438; 117 *Id.* 117; 113 *Id.* 15; 163 S. W. 1103; *Ib.* 216; 195 Mo. 290; 37 S. C. 56; 2 Dill. 156; 67

Tex. 325; 50 Ohio St. 549; 40 W. Va. 508; 20 Ore. 547; 130 N. Y. 537; 1 Joyce on Ins., § 525; Richards on Ins., § 41; 1 May on Ins. (4 ed.), § 23; 19 Cyc. 595 (3); 47 L. R. A. 641.    There is a distinction between a parol contract *of* insurance and *for* insurance, or to *renew* a policy.    75 Oh. St. 312; 9 A. & E. Ann. Cas. 218, 219; 47 L. R. A. 641, 644.

3.    Such a contract to renew need only be established by a preponderance of the evidence.    93 Ark. 548, 561; 115 *Id.* 413; 37 *Id.* 589; 52 Ark. 523; 77 *Id.* 137; 93 *Id.* 312; 19 Cyc. 629 (VII); 49 S. W. 260; 58 S. W. 837.

4.    Appellant was liable for the penalty and attorney's fee.    102 Ark. 675; 103 *Id.* 1.

5.    These cases and others show that there was no error in the court's instructions.

HART, J., (after stating the facts).    (1-2)    At common law, contracts of insurance were not required to be in writing originally, and in the absence of any statutory prohibition a parol contract of that character will be valid.    This is conceded to be the law by counsel for the defendant.    The record, however, shows that if any verbal agreement was made, it was entered into between the parties a few days before the old policy expired.    It is the contention of counsel for defendant that a parol contract of insurance, in order to be enforceable, must not be executory but must take effect immediately on the making of the agreement.    We do not deem it necessary to decide this question.    The agent of the insurance company was authorized to issue policies and to take renewals thereof.    He was not required to receive the premium in advance as a condition precedent to making a parol contract to renew the policy, but had the authority to make the renewal on a credit.    Under our own decisions this authorized him to make a preliminary contract, binding upon the defendant, to be consummated by filling out and delivering a policy pursuant thereto.    *King* v. *Cox,* 63 Ark. 204; *Phoenix Ins. Co.* v. *Hale,* 67 Ark. 433; *Cooksey* v. *Mut. L. Ins. Co.,* 73 Ark. 117; *Brickey* v. *Conti-*

*nental Gin Co.,* 113 Ark. 15.    In the case of *King* v. *Cox,* *supra,* the court said: "An oral contract for insurance is not within the statute of frauds, and if supported by a valuable consideration, and free from fraud, and made by competent parties, is binding, though the premium be not paid at the time, if credit be given, or it appears from the circumstances and the situation of the parties that payment of the premium at the time was not exacted." In the case of *McCabe* v. *The Aetna Insurance Co.,* 47 L. R. A. 641, the court said that it is well settled that an insurance company can, by a preliminary parol contract, bind itself to issue or to renew a policy in the future, and further held that prepayment of the premium for a renewal is not essential to the validity of such preliminary agreement to renew.    Many cases are cited which sustain the opinion, and among them is the case of *King* v. *Cox,* 63 Ark. 204.

(3-4)    It is next contended that the court erred in refusing to instruct the jury that the burden of proving that its agent renewed the insurance was upon the plaintiff and that before the jury could find for the plaintiff on that issue, the evidence must be clear and convincing.    The court did instruct the jury that the burden was upon the plaintiff to establish the parol contract of renewal and that the plaintiff must establish that by a preponderance of the evidence.

Counsel for the defendant contended, however, that because such contracts are rarely made, the proof of such oral contract must be clear and convincing.    We do not agree with them in that contention, however.    As we have already seen, there is a distinction between an oral contract to renew a policy and an oral contract of insurance to take effect in the future.    The alleged agreement in the instant case was not for new or original insurance, beginning then for the first time, but it was for a renewal of the old policy to take effect from the date of its expiration. A renewal of a policy is, unless otherwise expressed, on the same terms and conditions as were contained in the

original policy. *King* v. *Cox,* 63 Ark. 204. The renewal of the policy in question seems to have been fully authorized according to the testimony of the plaintiff, which was believed by the jury. The agent does not appear to have required any new warranty or representation other than those which were made when the policy was issued. The agent must have acted upon this, unless he acted upon the knowledge which he acquired from a personal view of the stock of goods at the time he agreed to the renewal. It will be remembered that the agent was in the store when the agreement was made. The terms of the policy are neither enlarged, restricted or changed by the renewal but the rights of both parties, no matter how often a policy of insurance may have been renewed, are still bound by the provisions of the policy as originally issued. *Witherell* v. *Maine Insurance Company,* 49 Maine, 200; *Aurora Fire & Marine Ins. Co.* v. *Kranich,* 36 Mich. 289; *Hartford Fire Ins. Co.* v. *Walsh,* 54 Ill. 164. Therefore, the court did not err in refusing to instruct the jury that the renewal contract must be established by clear and convincing testimony and that the burden was upon the plaintiff to establish that fact by clear preponderance of the evidence.

(5) The court allowed an attorney's fee of $200 and the 12 per cent. penalty provided by the statute and the action of the court in this respect is assigned as error by counsel for the defendant. We agree with them in this contention. The act in question provides that in all cases where loss occurs and the insurance company liable therefor shall fail to pay the same within the time specified in the policy, etc., that a reasonable attorney's fee, together with 12 per cent. damages upon the amount of the loss shall be taxed as part of the costs. Acts of 1905, pages 307-8. The statute in terms provides that a written policy must be issued before the attorney's fee and 12 per cent. penalty can be taxed as costs against the insurance company. Here no policy of insurance was issued by the company. There was only a preliminary

contract for renewal which had not been consummated by filling out and delivering a policy to the plaintiff. Therefore, the facts do not bring the plaintiff within the terms of the statute, and he can not avail himself of its provisions.

The judgment for the amount of the insurance sued for will be affirmed and the judgment for the 12 per cent. penalty and attorney's fees will be reversed and dismissed.