Caldwell *v*. Dunn.

Opinion delivered December 4, 1922.

Evidence—parol evidence to vary writing.—No rule of evidence is violated by allowing proof of a subsequent parol agreement changing the terms of a prior written agreement; but where a party by his pleading relies upon an unambiguous written agreement he may not contradict or explain or modify its terms by oral testimony.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

*Cravens, Oglesby & Cravens,* for appellant.

The defendant should have been allowed to prove a subsequent contract entered into, even though it varied or changed the terms of the former agreement, and the court erred in refusing to permit appellant to prove the contract. Jones on Evidence (2d ed.) par. 442, p. 557; 85 Ark. 605; 113 Ark. 15; 126 Ark. 548.

*Hill & Fitzhugh,* for appellee.

There was no offer on the part of appellant to prove a subsequent contract, and the very rule which appellant is contending for was offered in this case. The court offered to allow proof of a subsequent contract. No offer of evidence was made as to what witnesses Caldwell or Beckerdite would have testified to, and what was said by this court in 137 Ark. 232, "we are unable to determine whether there was any prejudice in excluding the question," applies here. To establish prejudice the record must show what the testimony would have been if admitted. To the same effect see 88 Ark. 562; 89 Ark. 95; 97 Ark. 567.

WOOD, J. This is an action in the Sebastian Chancery Court by the appellee against the appellant. The appellee alleged that he had performed certain work and furnished certain material in the construction of a building situated on a certain lot in the city of Fort Smith, Arkansas. He alleged that in due time he had filed his lien on the property improved. He attached to his complaint an itemized statement of his account, and alleged that there was a balance due of $670.39, with interest, for which he prayed judgment, and that a lien be declared upon the property described.

The appellant, in his answer, admitted entering into the contract with the appellee whereby the appellee was to furnish pipe for water and gas and install the same complete, and in addition was to furnish three bath-tubs, three stools, three lavatories and three sinks in a seventeen-room house and a six-room cottage situated on the property described, for the sum of $852. He alleged that he had paid to the appellee all of the contract price except $26, and set up that, subsequent to the contract and before the completion of the work, appellant and appellee entered into a contract whereby the appellee was to furnish and install the following articles, to-wit: One sink, $76; one bath-tub, $42; one Ruud heater, $175, making a total sum of $293. Appellant alleged that the appellee was to pay him $50 for old pipe and material and pay him $10 for services he had rendered appellee. Appellant admitted that, after deducting the above amounts, he was due the appellee the sum of $259, and offered to confess judgment for that sum.

In the trial appellee proved the contract upon which his action was predicated, and testified that he had performed the terms of the contract, except that a Ruud heater had been substituted for a Marvel boiler. He and his witnesses also testified that, during the performance of the contract on the part of the appellee, he had done extra work, the amount due for which constituted the principal claim upon which his action was founded. The testimony of the appellee and his witnesses tended to es-

tabiish the claim of the appellee. The testimony was taken *ore tenus* before the trial court, and has been properly brought into this record.

During the taking of the testimony for the appellant, he was asked the following question: "State just what took place down there in the presence of Mr. Beckerdite and Mr. Bateman about the installation of gas and water in your property on Fifth Street." Counsel for appellee objected to the question, announcing that they were relying upon the contract set up in the pleadings. Counsel for appellant then announced that they had a subsequent contract to that, whereupon the court announced as follows: "The terms of this new contract must be explicit. They can't modify this (written contract) by oral stipulation, but if they by agreement novated this contract, they can set up a new one, but they cannot make a new one in explanation of this one." Counsel for appellant then stated as follows: "Here is our contention: that Mr. Caldwell, Mr. Beckerdite, and Mr. Bateman stood by him, and he agreed for us to have the work done down there sufficient to adequately supply this property, and that Mr. Dunn agreed to it." To this the court replied as follows: "That is undertaking to read into the contract something that is not there. There is nothing in this contract that would justify that. That was just a sort of general statement, if that is all he agreed to. But here is the thing he must be bound by, unless the parties met and agreed to repudiate it." Further, while one of appellant's witnesses was being examined, he was asked by appellant's counsel the following question: "I will ask you to state whether or not, down there the next morning, Mr. Caldwell told Mr. Dunn, and Mr. Dunn agreed, that he was to pipe both houses, both the big house and the little house, with sufficient gas and water fittings for the price stated in that contract." Counsel for the appellee objected, whereupon the court announced as follows: "That is going into the contract and changing the terms of it, it looks like, or at least trying to construe it." Whereupon counsel for appellant stated to the

court as follows: "I just want to ask this specific question now, if, when you went down there the next morning, Mr. Caldwell and Mr. Dunn were there, and Mr. Dunn, in the presence of you and Mr. Beckerdite, agreed to supply both houses with gas and water fittings for the price of $852?" Counsel for the appellee objected, and the court sustained the objection.

The court rendered a judgment in favor of the appellee, from which is this appeal.

The appellant contends that the court erred in refusing to permit him "to prove that a subsequent contract was entered into between the parties," and cites to support his contention *Von Berg* v. *Goodman,* 85 Ark. 605; *Brickey* v. *Continental Gin Co.,* 113 Ark. 15; *Nothwang* v. *Harrison,* 126 Ark. 548; and Jones on Evidence, 557. The law is well established that the parties to a written contract may abandon the same by a subsequent parol agreement. Or, they may rescind it in part or *in toto* by substituting a new agreement therefor. In addition to the above cases, see *Weaver* v. *Emerson-Brantingham Implement Co.,* 146 Ark. 379; *Glenn* v. *Union Bank & Trust Co.,* 150 Ark. 38. These authorities hold that "no rule of evidence is violated by allowing proof of a subsequent parol agreement changing the terms of a prior written contract." But the appellant's contention here in not justified by the record. The facts, as above copied from the record, show that the court was thoroughly familiar with the rule of law announced by the above authorities, upon which the appellant relies, and conformed its rulings to those authorities. The court made the distinction clear between an offer to attempt to set up a new oral contract, different in its terms from the written contract upon which the parties were relying, as set up in the pleadings, and an effort or attempt to contradict or explain such written contract, or modify its terms by oral testimony. The court held that the former could be done, but the latter could not. In other words, the effect of the court's holding was that the appellant could prove a new oral con-

tract different in its terms from the contract set up in the pleadings, if he relied upon such new contract, but could not introduce testimony which tended to contradict, vary or explain the terms of the written contract. These terms were unambiguous.

The court thus blazed a plain road that appellant might take, but he failed to do so. For, as we view the facts above set forth, the appellant did not offer to prove that the contract between the appellee and the appellant as set up in the pleadings had been abandoned or rescinded by the parties to it, or that the parties, by a subsequent oral agreement, had entered into a new and different contract changing in whole or in part the contract upon which the appellee grounded his action, and had substituted such oral contract for the written contract.

The ruling of the court was really more favorable to the appellant than he was entitled to, because in his answer he pleaded that, under the written contract, the appellee was to furnish the material and do all the work contemplated and all the work that was done for the sum of $852, the consideration named in the written contract.

There is no error in the rulings of the trial court, and the decree is therefore affirmed.