## THOMPSON v. SHORT.

### Opinion delivered February 26, 1923.

1. CONTRACTS—BREACH—INSTRUCTION.—An instruction, in an action for damages for the breach of a contract wherein defendant counterclaimed asking damages for breach by plaintiff, that, if plaintiff failed to comply with the contract by failing to pay defendant, then defendant had a right to treat the contract as null and void and recover, *held* erroneous, as giving defendant the right to recover regardless of whether he had breached the contract or not.

2. EVIDENCE—WRITTEN CONTRACT—SUBSEQUENT PAROL AGREEMENT.— Proof of a subsequent parol agreement is admissible to change the terms of a written contract.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

STATEMENT OF FACTS.

W. A. Thompson instituted this action against W. J. Short to recover damages for an alleged breach of contract whereby the defendant agreed to clear 165 acres of land in White County, Arkansas.

The defendant filed an answer and cross-complaint in which he denied having breached the contract on his part, and asked for damages on account of an alleged breach of the contract by the plaintiff.

The contract between the parties is in writing, and provides that W. J. Short should clear 165 acres of land

for W. A. Thompson in White County, Arkansas, and should receive as compensation therefor the sum of $50 for sixty acres of said land, which had already been cleared but had grown up with underbrush, and the sum of $5 per acre for the remainder of the land, together with the timber on it. The contract provides for payment to be made as the clearing progresses in certain stipulated amounts, which need not be set out in detail. The contract also provides that the land should be all cleared by the first of April, 1918.

The time of the performance of the contract was extended on account of the World War, and numerous letters passed between the parties in regard to the extension of the time of the performance of the contract. The correspondence is too long to be set out in this opinion, and indeed it is not necessary in order to discuss the issues in the appeal.

It appears from the plaintiff's own letters that he extended the time of the performance of the contract until January 1, 1920. According to his testimony, the defendant did not clear the land in accordance with the terms of the contract.

According to the testimony of the defendant, he cleared and prepared for cultivation one hundred acres of the land. This included the sixty acres which had formerly been cleared, but which had grown up in bushes to a certain extent, and had some dead timber standing on it. The plaintiff owed him, under the terms of the contract, at least $100, which he refused to pay him. The defendant demanded this amount of the plaintiff orally in June, 1920, and the plaintiff neglected and refused to pay him. In July, 1920, the defendant wrote the plaintiff a letter in which he refused to further perform the contract because the plaintiff had not paid him in accordance with its terms for the clearing that he had already done.

Other facts necessary for a decision of the issues raised by the appeal will be stated or referred to in the opinion.

The jury returned a verdict for the defendant in the sum of $100, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*Brundidge & Neelly,* for appellant.

*Miller & Yingling,* for appellee.

HART, J., (after stating the facts). It is insisted by counsel for the plaintiff that the court erred in giving instruction No. 1 at the request of the defendant. The instruction reads as follows:

"You are instructed that if you find that the plaintiff failed to comply with the contract in that he failed to pay the defendant for work done under the contract as required by the terms of the contract, then the defendant had the right to treat the contract as null and void, and your verdict will be for the defendant."

The instruction is erroneous because it gives the defendant the right to recover if the plaintiff failed to pay him for the land which he had already cleared, regardless of the fact of whether or not the defendant committed a breach of the contract on his part. The contract provides that the clearing of the land should be completed by April 1, 1918, by the defendant. It appears from the letters passed between the parties that the time for the performance of the contract was extended until January, 1920. The undisputed evidence shows that sixty-five acres of the land remains to be cleared, and, according to the testimony of the plaintiff, the defendant did not in all respects comply with the terms of the contract in the land which he did clear.

Then too, according to the plaintiff's testimony, the defendant did not demand payment for the land which he had cleared until some time after the time limit for finishing the clearing had expired. If the defendant committed a breach of the contract on his part by not clearing the land, the plaintiff would be entitled to recover damages on this account, and might offset the amount which was due the defendant for work already done

by the damages which he was entitled to recover from the defendant for the non-performance of the contract by the defendant. In this connection it may be stated that the damages claimed and testified to by the plaintiff for the alleged breach of the contract by the defendant would amount to more than the amount allowed the defendant by the verdict of the jury. Hence the court erred in giving this instruction.

In view of another trial of the case we call attention to the fact that instruction No. 3, given by the court at the request of the plaintiff, is erroneous, although no assignment of error is predicated upon the action of the court in giving this instruction. The instruction reads as follows:

"You are instructed that if you find that the parties made and entered into the written contract sued on in this case, the defendant cannot, under the law, excuse a breach of said contract by setting up a different and verbal contract claimed to have been made by the defendant with the plaintiff at a different time and subsequent to the written contract sued on."

It is well settled in this State that no rule of evidence is violated by allowing proof of a subsequent parol agreement changing the terms of a prior written contract. *Caldwell* v. *Dunn,* 156 Ark. 126.

In view of a new trial of the case and the fact that additional testimony may be introduced by the parties, we do not pass upon the assignment of error that the evidence is not sufficient to support the verdict.

For the error in instructing the jury, as indicated in the opinion, the judgment must be reversed, and the cause remanded for a new trial.