SOUTHERN FARM BUREAU CASUALTY INSURANCE CO.

*v.* MITCHELL.

5-1726                                     319 S. W. 2d 830

Opinion delivered January 19, 1959.

*E. J. Butler & Jack P. West,* for appellant.

*Fletcher Long & Harold Sharpe,* for appellee.

GEORGE ROSE SMITH, J.  The appellee owned a truck and a trailer that were almost completely demolished in a collision in May of 1954.  He contended that the appellant had insured the property, but the appellant denied that a policy of insurance was in force upon either vehicle at the time of the collision.  This action against the insurance company was filed in the latter part of 1954, but the case was not brought to trial until April, 1958.  The jury's verdict for the plaintiff was for slightly less than half of the sums sued for.

We are unable to agree with the appellant's principal contention, that it was entitled to a directed verdict.  The two vehicles were assertedly insured separately and must be discussed separately.  The appellant had previously insured the truck, but Mitchell canceled that coverage in November, 1953.  He says that about three days before the collision in the following May the appellant's general agent, Gibbs, stopped at Mitchell's place of business, mentioned a collision that Mitchell's brother had been involved in, and asked if Mitchell was still insured by Gibbs' company, the appellant.  Mitchell testified: "I said, 'Bill, I have canceled the fifty dollar deductible on my truck and I would like to put it back on there,' and he said, 'All right,' and he got about fifty feet away and he said, 'Bob, do you still want the same coverage you had before,' and I said, 'Yes,' and he said, 'O.K., I will see you in a few days.' "  This testimony is corroborated by a man who was then working for Mitchell.  Gibbs remembers the discussion about Mitchell's brother, but he says that the renewal of Mitchell's policy was not mentioned.

We think the issue was properly submitted to the jury.  It is conceded that Gibbs was a general agent and had the power to bind his principal by an oral promise to insure the truck.  An agreement to renew a prior policy upon the same terms is sufficiently definite to constitute a valid contract.  *King* v. *Cox,* 63 Ark.

204, 37 S. W. 877; *Aetna Ins. Co.* v. *Short,* 124 Ark. 505, 187 S. W. 657. The jury were justified in interpreting Gibbs' statement, ''O.K., I will see you in a few days,'' as an acceptance of Mitchell's offer and as an indication that a written policy would be issued in due course. It was not essential for the plaintiff to introduce a copy of the earlier policy, so that the jury might know its terms; for the appellant does not contend that the collision loss would not have been covered by that policy.

The trailer was mortgaged to a bank, which required its borrowers to carry insurance. The trailer was undoubtedly insured by the appellant during the year ending January 19, 1954, but the appellant contends that the policy then lapsed for nonpayment of the renewal premium. Mitchell's statement that he paid the premium is bolstered by the fact that the bank received no notice that the policy had lapsed and by the further fact that the appellant recognized its liability after the collision by paying the bank the amount of its loan. This phase of the case involved only a question of fact, to be decided by the jury.

Two days after the loss occurred the insurer took a written statement from Mitchell about his conversation with the general agent, Gibbs. It is now contended that the trial court erred in refusing to permit the appellant to introduce this statement. It does not appear, however, that the court actually refused to admit the statement. During Mitchell's cross-examination the appellant's counsel questioned him in detail about the contents of the statement and at one point asked Mitchell if he would agree to introduce the document with his testimony. Upon objection by Mitchell's attorney the court ruled that the statement would not be introduced with Mitchell's testimony unless Mitchell agreed to it, but the court added: ''Of course, you understand the court is not holding that it is incompetent.'' Despite the court's apparent willingness to allow the written statement to be introduced later, counsel did not

pursue the matter further and hence cannot now contend that an error was committed.

Complaint is also made of an instruction which stated in substance that if Mitchell and Gibbs both knew the description of the truck, its value, the risks to be covered, and the amount of the premium, and if upon that knowledge Gibbs unconditionally agreed that his principal would indemnify in return for Mitchell's promise to pay the premium, then a contract of **insurance** was completed even though its terms were not reduced to writing. Only a general objection was made to this instruction, and we do not perceive that it is inherently erroneous in any respect.

Affirmed.

JOHNSON, J., not participating.